Filed 4/25/22  Jackson v. Bui CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| REGINALD JACKSON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DON BUI, M.D.,<br><br>    Defendant and Respondent. | G060318<br><br>(Super. Ct. No. 30-2020-01125360)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed.

Law Offices of Linda Scott and Linda L. Scott for Plaintiff and Appellant.

Schmid & Voiles, Denise H. Greer, Michael C. Ting and Nazanin N. Houshyar for Defendant and Respondent.

*        *        *

Reginald Jackson appeals from a judgment following the trial court's order granting summary judgment to respondent Don Bui, M.D.  Jackson argues the trial court erred in determining his medical malpractice claim was time-barred.  For the reasons stated below, we conclude Bui was entitled to summary judgment and accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Complaint*

On January 21, 2020, Jackson filed a complaint for medical malpractice against Bui.  The complaint alleged that Bui had been treating Jackson for approximately one and a half years, beginning in November 2016.  Despite being informed about Jackson's increasing pain and elevated PSA levels, Bui did not order or perform testing that would have revealed Jackson had prostate cancer and bladder stones.  The complaint further alleged that a CT scan performed in September 2018 revealed Jackson had prostate cancer and bladder stones.  Finally, the complaint alleged Jackson complied with the notice requirements of Code of Civil Procedure section 364(a), and attached an August 30, 2019 written notice of Jackson's intention to sue Bui for failure to timely diagnose Jackson's prostate cancer.[1]

Bui filed an answer, generally denying the allegations in the complaint.  He also raised numerous affirmative defenses, including the applicable statute of limitations.

_____

[1] Bui argues Jackson did not properly serve the written notice of intent to sue until September 4, 2019.  We need not resolve when the written notice was served because as explained below even if served on August 30, 2019, the notice did not extend the one-year limitation period.

B. *Motion for Summary Judgment*

On December 18, 2020, Bui moved for summary judgment, arguing Jackson's claim for medical negligence was time-barred by the one-year statute of limitations of Code of Civil Procedure section 340.5. The summary judgment motion asserted the following as undisputed facts.

Jackson was referred to Bui by his primary physician due to his elevated PSA level, which might indicate prostate cancer: at the first office visit in December 2016, Jackson's wife, who previously had cancer, asked Bui whether Jackson had cancer; Bui responded he did not believe Jackson had cancer.

On December 13, 2017, Jackson was seen at the VA Long Beach Medical Center and laboratory results showed he had a PSA level of 8.82. Jackson last saw Bui on March 21, 2018. On April 6, 2018, PSA testing performed by VA Long Beach showed Jackson's PSA level had risen to 9.34. A CT scan performed in May 2018 showed a large bladder stone and an enlarged prostate. A biopsy was performed on August 1, 2018. On August 21, 2018, Jackson was seen by urologist, Pengbo Jiang, M.D., who explained to Jackson the biopsy showed he had prostate cancer. Dr. Jiang recommended surgery to remove the cancerous cells and bladder stone, which was performed on September 26, 2018.

Based on the foregoing, Bui argued he was entitled to summary judgment because the one-year limitations period commenced no later than August 21, 2018, when Dr. Jiang informed Jackson about the prostate cancer diagnosis. However, Jackson did not file his complaint against Bui until January 21, 2020, more than one year later. Bui also argued the August 30, 2019, written notice of intent to sue was served too late to toll the limitations period.

Jackson opposed the summary judgment motion, arguing he did not suspect Bui committed medical malpractice until March or April 2019. Jackson asserted he did not suspect Bui was negligent because the elevated PSA levels might have been caused

3

by the presence of the bladder stone. Jackson acknowledged he was diagnosed with prostate cancer and underwent cancer surgery, but "[n]o doctor ever told [him] that they thought Dr. Bui should have diagnosed his prostate cancer earlier." Jackson also notes he has no medical training and only a high school education. In an accompanying declaration, Jackson stated he did not suspect wrongdoing until March or April 2019, but provided no explanation clarifying why he began suspecting Bui at that time.

In reply, Bui argued that Jackson's lack of suspicion did not delay the commencement of the limitations period. Although actual suspicion can trigger the running of the statute of limitations, the statute also can be triggered by inquiry notice, that is, when a reasonable person armed with knowledge of the same facts known to plaintiff would have suspected wrongdoing. Bui argued that a reasonable person, whose wife had asked Bui about prostate cancer at the first office visit and who was diagnosed with prostate cancer on August 21, 2018, would have suspected Bui failed to timely diagnose prostate cancer no later than August 21, 2018.

F. *Judgment*

The trial court granted Bui's summary judgment motion. It concluded Jackson discovered, or should have discovered, Bui's alleged negligence no later than August 21, 2018, when Dr. Jiang explained the biopsy results and cancer diagnosis to Jackson. The court entered judgment in favor of Bui on May 13, 2021.

II

DISCUSSION

A motion for summary judgment is properly granted "'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.) "The moving party bears the burden of showing the court that the plaintiff 'has not established, and cannot reasonably expect to establish, a prima facie

4

case. . . .' [Citation.]" (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) "We review summary judgment appeals by applying the same three-step analysis applied by the trial court: First, we identify the issues raised by the pleadings. Second, we determine whether the movant established entitlement to summary judgment, that is, whether the movant showed the opponent could not prevail on any theory raised by the pleadings. Third, *if the movant has met its burden*, we consider whether the opposition raised triable issues of fact." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 939-940.)

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) "Because a summary judgment denies the losing party its day in court, we liberally construe the evidence in support of that party and resolve doubts concerning the evidence in that party's favor." (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 255.) In addition, "[w]hile resolution of the statute of limitations issue is normally a question of fact, where the uncontradicted facts established through discovery are susceptible of only one legitimate inference, summary judgment is proper. [Citation.]" (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112 (*Jolly*); see *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1231 [summary judgment proper where uncontradicted facts established through discovery show statute of limitations has run].) Finally, "[t]hough summary judgment review is de novo, review is limited to issues adequately raised and supported in the appellant's brief." (*Christoff v. Union Pacific Railroad Co*. (2005) 134 Cal.App.4th 118, 125.)

The parties agree that Code of Civil Procedure section 340.5 sets forth the applicable statute of limitations for medical malpractice.[2] It provides that a plaintiff must

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

5

commence his or her action "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (§ 340.5.) Section 340.5's discovery rule "sets forth two alternate tests for triggering the limitations period: (1) a subjective test requiring actual suspicion by the plaintiff that the injury was caused by wrongdoing; and (2) an objective test requiring a showing that a reasonable person would have suspected the injury was caused by wrongdoing. [Citation.] The first to occur under these two tests begins the limitations period." (*Kitzig v. Nordquist* (2000) 81 Cal.App.4th 1384, 1391.) "[T]he limitations period begins once the plaintiff ""'has notice or information of circumstances to put a reasonable person *on inquiry* . . . .'"" [Citations.] A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly*, *supra*, 44 Cal.3d at pp. 1110-1111; see *Knowles v. Superior Court* (2004) 118 Cal.App.4th 1290, 1299 ["*Jolly*'s discussion of the discovery rule applies to actions involving section 340.5"].)

Jackson's complaint alleged Bui was negligent in failing to conduct or order testing that would have revealed he had prostate cancer and bladder stones. Bui, however, presented evidence that a May 2018 CT scan showed Jackson had a large bladder stone and an enlarged prostate, that an August 1, 2018, biopsy showed he had cancer, and that on August 21, 2018, Jackson was informed by Dr. Jiang that he had prostate cancer. On these facts, by at least August 21, 2018, a reasonable person would have suspected that Bui was negligent in failing to perform or order testing that might have led to the detection of cancer or bladder stones earlier. Jackson, however, did not serve notice of his intent to sue until August 30, 2019, nor file his complaint until

September January 21, 2020, more than one year later. Jackson's medical malpractice claim is time-barred under section 340.5.

Jackson argues he did not suspect Bui was negligent, and it was reasonable to not suspect negligence because the elevated PSA levels could have been caused by the presence of the bladder stone. Jackson also notes that "[n]o doctor ever told [him] that they thought Dr. Bui should have diagnosed his prostate cancer earlier." The complaint, however, also faults Bui for failing to detect Jackson's bladder stone earlier. Even if the argument is directed to a claim for failure to timely diagnose prostate cancer, the presence of a bladder stone does not excuse Jackson's failure to timely file his malpractice claim. The critical question is when plaintiffs learned, or should have learned, the facts essential to their claim, not when they were advised that those facts constituted professional negligence or some other cause of action. "'It is irrelevant that the plaintiff is ignorant of . . . the legal [or medical] theories underlying his cause of action. Thus, if one has suffered appreciable harm and knows or suspects that . . . blundering is its cause, the fact that an attorney [or doctor] has not yet advised him does not postpone commencement of the limitations period.'" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398, fn. 2.) While bladder stones can result in elevated PSA levels, so can prostate cancer. Once informed of prostate cancer, a reasonable person in Jackson's situation would have suspected Bui failed to order or perform testing that might have led to an earlier cancer diagnosis. Jackson thus has failed to demonstrate a triable issue exists on when the limitations period was triggered. Because the undisputed facts show the limitations period began running at the latest on August 21, 2018, Jackson's medical malpractice claim is time-barred. The trial court properly granted summary judgment to Bui.

7

## III

### DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs on appeal.


ZELON, J.*

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.